IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSICA VILLA,

    Plaintiff,

vs.                                                                                 1:15-cv-1061 LF-SCY

LARRY H. MILLER CORPORATION-NEW MEXICO,
d/b/a LARRY H. MILLER AMERICAN TOYATA,

    Defendant.

## ORDER GRANTING DEMAND FOR JURY TRIAL

This matter comes before the Court on plaintiff Jessica Villa's Request for a Jury Trial. Doc. 24. Defendant Larry H. Miller Corporation-New Mexico (Larry Miller) opposes plaintiff's request. Having considered the parties' submissions and the relevant law, I will grant plaintiff's request for jury trial.

### I.  Background

In her complaint, Ms. Villa alleges that Larry Miller wrongfully terminated her employment in violation of the New Mexico Human Rights Act, Title VII, and the Family and Medical Leave Act. She also alleges Larry Miller terminated her in retaliation for her refusal to perform vehicle identification inspections off emission test documents, which, she says, is illegal under New Mexico law. Ms. Villa did not demand a jury in her complaint or within the time required under Rule 38(b) of the Federal Rules of Civil Procedure. Counsel discussed plaintiff's failure to request a jury at a status conference on February 16, 2016, and indicated then that Ms. Villa would file a motion requesting a jury. She filed her request for a jury trial on March 14, 2016. Doc. 24. Ms. Villa characterizes her failure to request a jury as a "mistake" of which she became aware sometime before January 15, 2016. *See* Doc. 26 at 4.

Larry Miller opposes Ms. Villa's request for a jury trial because it is untimely—98 days beyond the deadline. *See* Doc. 25 at 1–4. But defendant makes no claim that this delay has prejudiced it. *See id.*

## II.      Analysis

Ms. Villa acknowledges that her failure to make a demand for a jury resulted from inadvertence. And Larry Miller is correct in pointing out that the failure to make a timely demand for a jury trial is a waiver of that right. Fed. R. Civ. P. 38(d); *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992). Ms. Villa's opportunity for a jury trial is now subject to the court's discretion. Fed. R. Civ. P. 39(b); *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088 (10th Cir. 1980). But a trial court has broad discretion to determine whether to grant a jury trial when the demand is not timely. *Land v. Roper Corp.*, 531 F.2d 445, 450 (10th Cir. 1976); *see also F.D.I.C. v. Palermo*, 815 F.2d 1329, 1333–34 (10th Cir. 1987).

The Tenth Circuit long ago held that absent "strong and compelling reasons to the contrary," a district court should exercise its discretion under Rule 39(b) and grant a jury trial. *AMF Tuboscope Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965). It also has held "that it would not be an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party." *Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992).

Here, defendant Larry Miller has not set forth strong and compelling reasons to deny Ms. Villa a jury trial. Defendant has not alleged that it would be prejudiced in any way by a jury trial. *See* Doc. 25. There is no indication that a jury trial will change the course of discovery or will change the evidence likely to be presented. Trial is not scheduled until December, and the change to a jury trial will not affect the scheduled trial date. Because there are no strong or compelling reasons to deny the request, the Court will grant Ms. Villa's request for a jury trial.

**III.     Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff Jessica Villa's request for a jury trial is granted.  However, because the selection of a jury likely will add up to half a day to the length of the trial, the Court will reserve one additional day for trial.  The Court will issue a new order setting a civil jury trial shortly.  The pretrial conference will remain as scheduled on November 30, 2016, at 9:00 a.m.  The jury trial will begin as scheduled on December 12, 2016, but will be estimated to last 5 days.

_____
Laura Fashing
United States Magistrate Judge